UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IDRIS ALI EL,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY WASHINGTON, et al,<br><br>Defendants. | CASE NO. 3:26-cv-05555-BHS<br><br>ORDER |

THIS MATTER is before the Court on plaintiff Idris Ali El's "emergency motion for temporary restraining order and preliminary injunction." Dkt. 10.

El's complaint alleges that officers from the Tacoma Police Department and Pierce County Sherriff Office previously arrested and detained him without lawful justification, in violation of the Fourth Amendment. He seeks an Order enjoining the Tacoma Police Department and the Pierce County Sheriff's Office from similar conduct in the future, including by stopping, detaining, arresting, following, monitoring, or using force against him without an independent lawful basis. *Id.* at 3–4. He clarifies that he

does not ask to prevent Defendants from performing legitimate law enforcement duties. *Id.* at 5.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

El fails to satisfy any of the elements here. He makes no argument that he is likely to succeed on the merits, and most importantly, presents no evidence that he faces an imminent threat of any of the challenged conduct recurring. His claims are akin to those at issue in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Lyons sued to enjoin the police from again using a chokehold on him. The Ninth Circuit held he did not have standing to do so because he could not show he would be arrested or subjected to a chokehold in the future: "Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional." *Lyons*, 461 U.S. at 111 (citations omitted).

El's allegations of past unlawful conduct, without more, do not establish a risk of future harm. His motion for a TRO and preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge